UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 19-141 |
| RACHEL E. LIPPS | SECTION: "E" (5) |

### ORDER AND REASONS

Before the Court is a motion for reconsideration of revocation judgment and sentence filed by Defendant Rachel Lipps ("Defendant").[1] The Government filed a response, opposing the motion to reconsider the Court's judgment but not opposing her motion to reconsider her sentence. After considering the law and the parties' briefs, the motion for reconsideration of this Court's judgment is **DENIED** and the motion to reconsider Defendant's sentence is **GRANTED** for the limited purpose of this Court clarifying its reasons for revoking Defendant's supervised release.

### BACKGROUND

Defendant's three-year term of supervised release began on March 27, 2023.[2] On September 3, 2025, the Office of Probation for the Eastern District of Louisiana ("probation office") filed a Petition for Warrant or Summons for Offender Under Supervision.[3] This petition alleged that Defendant had failed to comply with the terms of her supervised release in two instances:

(1) On August 19, 2025, Mrs. Lipps failed to report to the U.S. Probation Office as instructed. Several attempts to contact her at (XXX)-XXX-XXXX were made to no avail. A voicemail was also provided instructing Lipps to report to the office by 4:00 PM on this same day. Subsequently, she never reported; and

---

[1] R. Doc. 88.
[2] R. Doc. 65 at p. 1.
[3] *Id.*

1

> (2) Lipps is ordered to pay restitution in the amount of $473,978.53, at a rate of $400 per month. Since the commencement of supervised release, she has failed to make consistent monthly payments. During the months in which payments were made, she only made partial payments totaling $1,970. She is $9,230 in arrears and has an outstanding balance of $472,008.53.[4]

On September 12, 2025, the government filed its rule to revoke Defendant's supervised release.[5] On September 15, 2025, the Court set this matter for hearing on the rule to revoke and the probation office filed its dispositional report in advance of the hearing.[6] The report stated that (1) since the beginning of her supervised release, Defendant had failed to make consistent restitution payments; (2) as of September 23, 2025, Lipps was $9,630 in arrears and had an outstanding balance of $471,608.53; (3) Lipps failed to report to the probation office on August 19, 2025; (4) each instance of noncompliance constituted a Grade C violation; and (5) if the Court revoked her supervised release, the recommended imprisonment range would be three to nine months.[7]

On October 16, 2025, Defendant and her counsel appeared for the revocation hearing.[8] The Court recited the government's rule to revoke allegations; the parties then stipulated to Defendant's violations and the Court "[f]ound by a preponderance of the evidence that defendant, Rachel Lipps, committed the aforementioned violations of the terms of her supervised release."[9]

The Court determined that Defendant's violations were classified as grade C and her recommended guidelines sentencing range was three to nine months imprisonment.[10]

---

[4] *Id*. As of November 5, 2025, Defendant's restitution balance owed was $471,308.53.
[5] R. Doc. 75.
[6] R. Docs. 78, 80, 81.
[7] R. Doc. 81 at pp. 1-2.
[8] R. Doc. 83.
[9] R. Doc 88-2 at pp. 3-4.
[10] *Id*. at p. 5.

The Court considered the sentencing guidelines' Chapter 7 policy statements, recognizing that they are not binding.[11] The Court further confirmed that it received defense counsel's request to continue Defendant's original term of supervised release in lieu of revocation.[12]

The Court then afforded Defendant an opportunity to be heard.[13] Defendant stated that she "recognized[d] her payments were not what they should be and what was ordered."[14] The Court asked, "[w]ell, am I right, though, that your family went on vacations during this time period?"[15] Defendant responded that one vacation was paid for prior to her release from incarceration.[16]

The Court further inquired about Defendant failing to report to an appointment with her probation officer.[17] Defendant explained that she had her phone turned off all day and that, when she turned her phone back on, she did not look at her missed calls but instead went straight to her son's football game after work.[18] The Court responded that Defendant's adhering to her conditions of supervised release had to be her top priority until her period of supervised release ended.[19]

After considering the available facts, the Court revoked Defendant's supervised release and sentenced her to three months imprisonment and reimposed a supervised release term of twenty-four months.[20] In making this ruling, the Court stated "[s]ince the commencement of her supervision, Ms. Lipps has failed repeatedly to comply with conditions of supervised release. She's failed to make consistent restitution payments

---

[11] *Id.*
[12] *Id.* at pp. 5-6.
[13] *Id.* at p. 6.
[14] *Id.*
[15] *Id.*
[16] *Id.*
[17] *Id.* at pp. 8-9.
[18] *Id.* at p. 9.
[19] *Id.*
[20] *Id.* at p. 12.

3

despite spending substantial amounts of money on activities for her children and for vacations."[21] The Court ordered Defendant to surrender to a designated institution on or before October 24, 2025, but then granted her an extension until November 17, 2025.[22]

On October 29, 2025, Defendant filed this Motion for Reconsideration of Revocation Judgment and Sentence.[23] In her supporting memorandum, Defendant argues that the probation office failed to notify her of the factual allegations that it privately disclosed to the Court regarding Defendant's vacation expenditures, and that the Court relied on these allegations in deciding to revoke her supervised release.[24] Defendant argues that she did not know that the amount she spent on her family's 2025 travel, specifically her daughter's cheerleading team trip, would be relevant to her failure to make restitution payments.[25] Defendant further states that the Court provided Defendant no opportunity to adequately address or rebut these allegations.[26] As criminal defendants are entitled to "disclosure of the evidence against" them in revocation proceedings and to present mitigating evidence and information, Defendant argues reconsideration of this Court's judgment revoking her supervised release is proper.[27]

## **ANALYSIS**

Because Defendant argues she was not given the opportunity to rebut evidence submitted against her, the Court has granted her motion to reconsider her sentence. Defendant argues that she was deprived of the opportunity to address the probation

---

[21] *Id.*
[22] R. Docs. 85, 87.
[23] R. Doc 88.
[24] R. Doc 88 at p. 1.
[25] *Id.* at pp. 4-5.
[26] *Id.* at pp. 7-8.
[27] *Id.* at p. 2 (citing Fed. R. Crim. P. 32.1(b)(2)(B); *United States v. Warren*, 720 F.3d 321, 328 (5th Cir. 2013)).

office's allegations that the money spent on family vacations and her children's extracurricular activities contributed to her failure to make restitution payments. In granting this motion for reconsideration, Defendant is being given the opportunity to address these facts and confront the probation office's claims.

Defendant points out that neither she nor her family spent any money on their 2024 cruise.[28] The Court did not consider this vacation in reaching its decision to revoke Defendant's supervised release. Rather, the Court's discussion of vacations related only to Defendant's spending money on nonessential activities as opposed to prioritizing her restitution payments. Defendant stated in her supporting memorandum that "[i]n deciding to revoke Mrs. Lipps's supervised release and sentence her to imprisonment, the Court gave considerable weight to 'vacations' Mrs. Lipps reportedly took while on supervision."[29] The Court's decision on sentencing was not based on Defendant's having been on these vacations herself.[30] The Court did consider Defendant giving her daughter her debit card on her 2025 cheerleading trip in making its decision. Defendant argues this trip cost the family nothing, as she volunteered at the Caesar's Superdome in order to fund it.[31] However, Defendant admitted that she gave her daughter her debit card to use on this trip, and that her card was charged $180 during this time.[32] While the Court recognizes that such charges do not amount to a large sum of money, this behavior is demonstrative of a Defendant who still has not properly allocated her financial resources in order to comply with Court ordered restitution.

---

[28] *Id.* at p. 6.
[29] *Id.* at p. 3.
[30] *See* R. Doc. 88-2 at pp. 6, 12.
[31] R. Doc. 88 at p. 7.
[32] *Id.*

5

In addition, Defendant admitted during the revocation hearing that she had violated her conditions of supervised release by failing to make consistent restitution payments and that she failed to report to the probation office when instructed.[33] These violations form the basis for the Court's sentencing decision. Furthermore, 18 U.S.C. § 3583(e) allows courts to revoke supervised release after considering a specified collection of the sentencing factors listed in 18 U.S.C. § 3553(a).[34] One of these factors, § 3553(a)(7), allows courts to consider "the need to provide restitution to any victims of the offense."

Considering Defendant's admission that she violated her terms of supervised release, the § 3553(a) factors, and the parties' arguments in their supporting memoranda, the Court finds that revocation of Defendant's supervised release is authorized and the sentence the Court imposed was warranted.

## CONCLUSION

Having reconsidered the sentence imposed, **IT IS ORDERED** that the Court's original judgment revoking Defendant's supervised release[35] is re-imposed and Defendant's term of supervised release remains revoked. Defendant is to be imprisoned for a term of three months; upon release from imprisonment, Defendant shall be placed on supervised release for a period of 24 months. Defendant shall surrender to the U.S. Marshal for this district on **November 17, 2025**.

**New Orleans, Louisiana, this 12th day of November, 2025.**

_____
**SUSIE MORGAN
UNITED STATES DISTRICT JUDGE**

---

[33] R. Doc. 88-2 at p. 4.
[34] 18 U.S.C. § 3583(e)(3); *Warren*, 720 F.3d at 328.
[35] R. Doc. 86.